2020 IL App (1st) 170585-U
No. 1-17-0585
Order filed February 10, 2020

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of |
| | ) | Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | No. 14 CR 4541 |
| v. | ) | |
| | ) | Honorable Joseph M. Claps, |
| TOMMY JOHNSON, | ) | Judge presiding. |
| | ) | |
| Defendant-Appellant. | ) | |

_____

PRESIDING JUSTICE GRIFFIN delivered the judgment of the court.
Justices Hyman and Pierce concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Defendant's conviction for possessing contraband in a penal institution is affirmed where the trial court did not admit hearsay testimony.

¶ 2    Following a bench trial, defendant Tommy Johnson was convicted of possessing contraband in a penal institution (720 ILCS 5/31A-1.1(b) (West 2012)) pursuant to an incident in a Cook County Department of Corrections (CCDOC) jail on February 11, 2014. He appeals, arguing that the trial court erroneously admitted hearsay testimony. We affirm.

¶ 3    Kevin Meller testified that on February 11, 2014, he was a Cook County corrections officer working at the CCDOC Ninth Division, a "super maximum security" jail. Meller's commanding

officers instructed him to search cell 2231 on Tier 2F. He verified with the tier officer that defendant was assigned to the cell, and, with other officers, formulated a plan to search the cell while defendant was the sole occupant. Meller entered the cell block approximately 20 to 25 feet away from defendant's cell, ran to the front of the cell, and opened the door. As he entered, he saw defendant "leaning over the bunk" as if "he was throwing something."

¶ 4     Meller handcuffed defendant and removed him from the cell, then returned to the cell and searched under the bunk bed. He found a "sharpened metal object" and a bag containing documents and personal effects. Meller could not tell what defendant had held in his hand, but it did not resemble the documents. Meller identified the metal object in court, and stated it appeared to be made from an "asthma pump." Nothing else was underneath the bunk. From the time Meller received his assignment until the time he entered cell 2231, he did not see anyone besides defendant in the cell.

¶ 5     The State introduced People's Group Exhibit 1 (Exhibit 1), a document showing defendant's bed assignments in the jail. Using Exhibit 1, Meller confirmed that on February 11, 2014, defendant was housed in cell 2231. Meller further testified, over defense counsel's objection, that Exhibit 1 shows CCDOC moved defendant to Tier 1F, a disciplinary segregation unit, on February 19, 2014. Exhibit 1 was admitted into evidence without objection.[1]

¶ 6     On cross-examination, Meller stated that the cell door was remotely unlocked for him. He did not know the last time defendant's cellmate was in the cell prior to the search. Meller did not recover or inventory any other items besides the metal object. He did not inventory the contents of the bag because they were "personal effects," and he "went in [the cell] for one reason."

---

[1] Exhibit 1 is not included in the record on appeal.

¶ 7    On redirect, Meller stated that the metal object was small enough to fit in defendant's hand. On recross-examination, Meller admitted he stopped searching the cell after he recovered the metal object.

¶ 8    Following closing arguments, the court found defendant guilty of possessing contraband in a penal institution, stating it considered the "evidence" and "arguments," and "[i]n [its] judgment," the State proved the offense beyond a reasonable doubt. The court denied defendant's motion to reconsider and for a new trial. After a hearing, the court sentenced defendant to four years and four months' imprisonment and denied his motion to reconsider sentence.

¶ 9    On appeal, defendant argues that the trial court erred by admitting evidence that contained implicit hearsay assertions. Specifically, defendant complains of Meller's testimony (1) regarding planning the search, (2) that he "went in [the cell] for one reason," and (3) that defendant was moved to disciplinary segregation following the incident.

¶ 10    Defendant only objected to the transfer testimony at trial and did not raise any of these issues in his posttrial motion. As such, defendant's arguments are forfeited. See *People v. Staake*, 2017 IL 121755, ¶ 30 ("To preserve a claim of error for consideration by a reviewing court, a defendant must object to the error at trial and raise the error in a posttrial motion."). Defendant concedes this point but contends that plain error review is appropriate.

¶ 11    A reviewing court can consider issues not properly preserved on plain error review "when a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error," or "when a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of

the closeness of the evidence." (Internal quotation marks omitted.) *People v. Coats*, 2018 IL 121926, ¶ 9. Defendant contends the first prong applies. We must first determine whether a clear or obvious error occurred. *People v. Sebby*, 2017 IL 119445, ¶ 49.

¶ 12    The rule against hearsay is rooted in a defendant's constitutional right to confront the witnesses against him. U.S. Const., amend. VI. Hearsay is an out-of-court statement offered for the truth of the matter asserted. *People v. Peterson*, 2017 IL 120331, ¶ 17. "A 'statement' is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion." Ill. R. Evid. 801(a) (eff. Oct. 15, 2015). In addition to the constitutional concerns, hearsay evidence is also "generally inadmissible due to its lack of reliability." *People v. Olinger*, 176 Ill. 2d 326, 357 (1997).

¶ 13    A trial court's ruling on whether to admit evidence is reviewed for abuse of discretion. *People v. Becker*, 239 Ill. 2d 215, 234 (2010). "To establish an abuse of discretion, defendant must persuade us that the trial court's decision *** was arbitrary, fanciful, or unreasonable or *** no reasonable man would take the view adopted by the trial court." (Internal quotation marks omitted.) *People v. Patterson*, 2014 IL 115102, ¶ 114.

¶ 14    As noted, defendant did not object to some of the statements he now challenges on appeal, meaning the trial court did not rule thereon. In a bench trial, however, the trial court is presumed to have "considered only admissible evidence and disregarded inadmissible evidence in reaching its conclusion." *People v. Naylor*, 229 Ill. 2d 584, 603 (2008). This presumption can be rebutted by "affirmative evidence in the record." *People v. Simon*, 2011 IL App (1st) 091197, ¶ 91.

¶ 15    Defendant first argues that Meller's testimony regarding the plan to search cell 2231 when defendant was the sole occupant leads to the improper hearsay inference that a nontestifying

declarant told Meller she suspected defendant had contraband. Defendant further contends that Meller's comment that he entered the cell "for one reason" also leads to this inference.

¶ 16    Meller's complained-of testimony, however, does not constitute hearsay because the remarks do not contain out-of-court statements. First, Meller's testimony that he planned with other officers to conduct the search when defendant was the cell's sole occupant appropriately relayed the facts of his own conduct before and during the search. Second, Meller's testimony that he went in the cell "for one reason" explained why he did not inventory items not considered contraband. This testimony did not relay any oral or written statements or nonverbal assertions from a nontestifying witness. Ill. R. Evid. 801(a) (eff. Oct. 15, 2015).

¶ 17    Even accepting defendant's premise that these statements contain implicit assertions from nontestifying witnesses, however, a reasonable factfinder could find that the statements were admissible as nonhearsay course-of-investigation testimony. Law enforcement officers are permitted to testify as to out-of-court statements for the limited purpose of explaining the course of their investigation. *People v. Banks*, 237 Ill. 2d 154, 181 (2010). This is because the course of the investigation is within the officer's personal knowledge. *People v. Peoples*, 377 Ill. App. 3d 978, 984 (2007). " 'Testimony describing the progress of the investigation is admissible even if it suggests that a nontestifying witness implicated the defendant.' " *People v. Ochoa*, 2017 IL App (1st) 140204, ¶ 40 (quoting *People v. Simms*, 143 Ill. 2d 154, 174 (1991)). This limited exception cannot be used to admit the substance of conversations the officer had with nontestifying declarants. *Ochoa*, 2017 IL App (1st) 140204, ¶ 41.

¶ 18    Here, Meller's testimony explained his own conduct in planning and executing the search. This makes both the search planning and the "one reason" testimony admissible for course-of-

investigation purposes, even if the trial court inferred from the testimony that a nontestifying witness implicated defendant during the investigation. See *Simms*, 143 Ill. 2d at 174; see also *Ochoa*, 2017 IL App (1st) 140204, ¶ 41. The present matter is distinguishable from *People v. Virgin*, 302 Ill. App. 3d 438 (1998), cited by defendant, where testimony that a search warrant contained a description of a suspect that resembled the defendant was found improper. See *Virgin*, 302 Ill. App. 3d at 446-47. Here, none of the complained-of testimony contains the substance of out-of-court statements. Thus, we find that the trial court did not err in admitting the testimony regarding the search planning or Meller's "one reason" statement.

¶ 19    Defendant next argues that the State introduced evidence regarding his transfer to disciplinary segregation for an impermissible hearsay purpose. Meller testified, based on Exhibit 1, that defendant was transferred to a disciplinary unit eight days after the search. Defendant contends that this testimony improperly suggests that a nontestifying prison official concluded defendant possessed contraband.

¶ 20    We find that the court did not commit clear or obvious error in admitting this evidence. First, Exhibit 1 contained defendant's transfer information. Defendant did not object to the exhibit being entered into evidence and does not challenge its admissibility on appeal. Meller relayed that information to the court and explained that 1F is a disciplinary segregation cell block. Meller did not relay any third-party statements suggesting what precipitated the transfer. This issue can be resolved on this basis alone.

¶ 21    Second, the fact of defendant's transfer does not necessarily implicitly assert that a nontestifying witness believed that defendant possessed contraband. Cf. *People v. Orr*, 149 Ill. App. 3d 348, 362 (1986) (testimony that nontestifying witnesses chased a defendant constituted

an improper hearsay assertion that the nontestifying witnesses believed the defendant committed a crime). The evidence supports the conclusion that the search and recovery did in fact occur, which would corroborate Meller's testimony against claims of fabrication. Whatever the intended purpose of this evidence, defendant has the burden of demonstrating that the trial court abused its discretion in allowing it. Defendant has not met this burden.

¶ 22    Because the court did not commit clear or obvious error, plain error review is inappropriate, and defendant's procedural default of his hearsay arguments will not be excused. His conviction is therefore affirmed.

¶ 23    Affirmed.